UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-289-RJC

| ROBERT C. LUTMAN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| EDDIE CATHEY, Union County Sheriff, | ) | |
| ARAMARK CO., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2).

**I.    BACKGROUND**

Pro se Plaintiff Robert Lutman is pre-trial detainee of the State of North Carolina, currently incarcerated at the Union County Jail in Monroe, North Carolina. Plaintiff filed this lawsuit on May 10, 2013, pursuant to 42 U.S.C. § 1983, naming as Defendants Union County Sheriff Eddie Cathey and "Aramark Company," the food services provider for the jail. (Doc. No. 1). Plaintiff alleges the following in his Complaint:

> I, Robert Lutman, was eating my food, and I broke two of my teeth on a dime, that was in my food. This happen[ed] on 6-6-13. The officer then took me to the nurse's office!
>
> The nurse then trys [sic] to crazy glue the pieces back together but it does not work. The two teeth that was broken are veneered teeth, that cost a lot of money.

(Id. at 4). As relief, Plaintiff states that he wants "the court . . . to get my teeth fixed, [I] also want $25,000 for having to hurt and suffer through all the pain and headaches." (Id.).

1

## II. STANDARD OF REVIEW

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, Plaintiff's inmate trust account statement shows that as of August 6, 2013, Plaintiff had $0.00 in his inmate trust account. (Doc. No. 6 at 2). Plaintiff's application to proceed in forma pauperis is granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Although Plaintiff does not specify what constitutional rights were violated, it appears he is attempting to bring an Eighth Amendment claim arising out of his injuries sustained from biting into food that contained a dime.[1] The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the

---

[1] Because Plaintiff is a pre-trial detainee, his claims must be analyzed under the Fourteenth Amendment, rather than under the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983).

"unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Here, Plaintiff has not identified any health care provider specifically as a party to the suit but instead directs these allegations against the county sheriff in his individual capacity. Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp.

757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

In Farmer v. Brennan, the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1992)). This is a low standard, as the Supreme Court emphasized that "[p]rison conditions may be restrictive and even harsh." Id. at 833 (internal quotations omitted). To sustain an Eighth Amendment claim, a prisoner must show (1) that the deprivation was objectively sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. Id. at 834 (internal quotations omitted). Thus, "[d]eliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001).

Plaintiff fails to state a claim against Defendants for a violation of any of his

4

constitutional rights. First, although Plaintiff names the Union County Sheriff Eddie Cathey as a Defendant, it is well settled that defendants cannot be found liable under a theory of respondeat superior in 1983 actions. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To impose liability on Defendant Cathey, Plaintiff must allege that Defendant Cathey was either personally involved in the alleged unconstitutional conduct, or the conduct occurred pursuant to some official policy or custom for which he was responsible. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal involvement by Defendant Cathey, nor does he allege that the conduct occurred pursuant to some official policy or custom for which he was responsible.

Next, even assuming that Defendant Aramark, a private food services provider for the jail, qualifies as a state actor, Aramark is liable under § 1983 "only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original). Plaintiff's allegations do not identify any specific Aramark policy or practice that caused the alleged constitutional violation. Indeed, Plaintiff does not allege any facts tending to show that any conduct by Aramark caused a dime to be in Plaintiff's food. In any event, and most significantly, at most, Plaintiff alleges that Defendant Aramark was negligent. Mere negligence is simply not an actionable claim under § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Whitley v. Albers, 475 U.S. at 319; Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct...."). For these reasons, this action will be dismissed.[2]

---

[2] In addition to being subject to dismissal for failure to state a claim, it also appears that Plaintiff has not exhausted his administrative remedies, as he states in his Complaint filed on May 10, 2013, that he had just submitted a grievance on May 6, 2013. See (Doc. No. 1 at 2).

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's action.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed with prejudice.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**.

Signed: October 4, 2013

Robert J. Conrad, Jr.
United States District Judge